```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

MICHAEL C. MOORE,               )
                                )
          Petitioner,           )
                                )
     v.                         )     No. 4:04 CV 114 DDN
                                )
CHARLES DWYER,                  )
                                )
          Respondent.           )
```

**MEMORANDUM**

Petitioner Michael C. Moore has brought this action for a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). After review of the record, the petition for habeas corpus relief is denied.

**Background**

On July 27, 2000, following a jury trial, the Circuit Court of the City of St. Louis sentenced petitioner Michael C. Moore to fifteen years for forcible rape. (Doc. 8 Ex. B at 78-79.) The trial court denied Mr. Moore's motion for a new trial (Id. Ex. A at 237-38), and he appealed to the Missouri Court of Appeals, which affirmed the conviction on June 12, 2001 (Id. Ex. E.)

On August 24, 2001, petitioner moved for post-conviction relief, arguing ineffective assistance of counsel. (Id. Ex. F at 5-7.) The trial court denied that motion on October 10, 2002 (id. at 30), and petitioner appealed, alleging error in denying the motion without an evidentiary hearing. (Id. Ex. H at 15). On October 14, 2003, the Missouri Court of Appeals upheld as not clearly erroneous the trial court's denial of the motion without an evidentiary hearing. (Id. Ex. K at 2.)

Petitioner alleges the following grounds for federal habeas relief:[1]

1. The prosecution's failure to disclose DNA evidence to petitioner until after trial "left petitioner without a defense during trial, or disadvantaged the petitioner."

2. The trial court improperly denied petitioner's post-conviction motion without an evidentiary hearing. That motion alleged that petitioner was prejudiced by ineffective assistance of counsel, insofar as his attorney failed to depose a witness for the prosecution whose relationship with the victim would presumably have impeached his testimony at trial.

## **Procedural Analysis**

**Exhaustion**

The petitioner has fully exhausted state remedies through his appeals in the state courts. Petitioner raised both grounds in the Missouri Court of Appeals, and they were adjudicated upon the merits. (Id. Ex. E & Ex. K.)

**Standard of Review**

Habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

---

[1] The court adopts the State's collapsing of the four "claims" into two. (See Doc. 6 at 3.) Petitioner's traverse attempts to add an additional "claim" of ineffective assistance of counsel on the merits, disguising its tardiness as a "clarification" for respondent's benefit. (See Doc. 9 at 2.) But, as Mr. Moore admitted in his brief to the Missouri Court of Appeals, "[t]he question before [the Court of Appeals] is not whether [the] motion merits relief on the pleadings themselves; the question is whether the trial court's refusal to grant an evidentiary hearing was clearly erroneous" (Doc. 8 Ex. H at 13.) The Court of Appeals accordingly addressed only the denial "without an evidentiary hearing," not the substantive claim. (Id. Ex. K.) Thus, any "claim" of ineffective counsel before this court is barred by the exhaustion requirement. See 28 U.S.C. § 2254(b)(1)(A). Still, even if not procedurally barred this "claim" would fail on the merits, see infra.

law, as determined by the Supreme Court of the United States;
or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented
in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's decision is contrary to clearly established law 'if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case.'" Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999) (quoting Richardson v. Bowersox, 188 F.3d 973, 977-78 (8th Cir. 1999)). The issue is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

### Ground 1: Prosecution's Failure to Disclose Evidence

After the trial, petitioner filed a motion for new trial alleging, in relevant part, that "a key lab report was not provided by the State until a day *after* trial concluded. . . . Failure of the State to provide discovery in a timely way precluded the defendant from reasonable investigation of his case, and deprived the defendant of potential Brady material . . . ." (Doc. 8 Ex. B at 69-70.) At a hearing on this motion the State admitted that it had not disclosed the DNA evidence. (Id. Ex. A at 213.) This evidence apparently was derived from semen sampled from the bed sheets and from a vaginal swab. (Id. at 215-16.) The court ordered a comparison of DNA from the swab to that of petitioner, but declined to order comparison with DNA from the bed sheet. (Id.)

On appeal from the denial of his motion for new trial, petitioner argued that he should have been allowed to test the bed sheets for semen, and that the court's remedy of allowing comparison to the swab was inadequate. (Id. Ex. C at 11, 13-16.) However, he had not raised this contention in his underlying motion, nor did he object when the court refused to order testing of the bed sheets. (Id. Ex. A at 215-16.) Therefore, the Missouri Court of Appeals held that petitioner did not preserve the issues for review other than under the plain error

standard.  (Id. Ex. E at 3, citing State v. Candela, 929 S.W.2d 852, 860 (Mo. Ct. App. 1996)).  The court held that there was no plain error, reasoning that, even assuming the evidence of someone else's semen was admissible notwithstanding the Missouri Rape Shield Law, it would "not automatically exculpate defendant."  (Id. at 4 (citing State v. Davis, 765 S.W.2d 603, 606 (Mo. 1989))).

This court agrees with respondent that the claim of evidence withheld by the prosecution was properly evaluated under Brady v. Maryland, 373 U.S. 83 (1963).[2]  Petitioner referred to Brady in his motion (Doc. 8 Ex. B at 70) and appellate brief (Id. Ex. C at 12), and even styled the first point in his traverse "Brady violation" (Doc. 9 at 1).  But even if his intention was not to allege a Brady violation, the court properly inquired into the prejudice, if any, to petitioner. Reasoning that petitioner's desired use of the DNA evidence could not have helped him, the Court of Appeals found immaterial the withholding of evidence by the State:

> [D]efendant is unable to show the trial would have ended differently if he had received the evidence at an earlier time.  Even assuming that the bed sheet contained semen from someone other than defendant, it does not necessarily follow that the jury would have believed that the sexual acts between the defendant and the victim were consensual.

(Id. Ex. E at supp. p. 4.)  Though the Court of Appeals did not attribute this prejudice test to Brady, it did weigh the prejudice to

---

[2] In Brady, the appellant had been convicted of first degree murder and sentenced to death.  373 U.S. at 84.  After sentencing, the prosecution disclosed a statement from his accomplice (who was tried separately) that the accomplice "did the actual killing."  Id.  The Maryland Court of Appeals unanimously held that the confession would not have been admissible "on the issue of innocence or guilt."  Id. at 90.  The Supreme Court acknowledged "that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment," id. at 87 (emphasis added), but affirmed the denial of the appellant's motion for new trial (except as to punishment), id. at 91. The Court reasoned that the confession could have made a difference if the judge's instruction not to consider the confession "on the issue of innocence or guilt [were] flouted by the jury," but "that the deprival of this defendant of that sporting chance [did not] den[y] him due process."  Id. at 90-91.

-4-

petitioner and thus did not controvert federal law under § 2254(d)(1). Ground 1 is without merit.

### Ground 2: Denial of Evidentiary Hearing

Denial of an evidentiary hearing on petitioner's post-conviction motion is not cognizable in a § 2254 action. See Kenley v. Bowersox, 228 F.3d 934, 938 (8th Cir. 2000) ("Errors or defects in the state post-conviction proceeding do not, *ipso facto*, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings") (quoting Williams v. State, 640 F.2d 140, 143-44 (8th Cir. 1981)).

Though petitioner does not clearly allege ineffective assistance of counsel on the merits, respondent addresses it (Doc. 6 at 14-18) and this court hereby disposes of that issue on the merits.

The Strickland v. Washington test applies to claims of ineffective assistance of counsel as grounds for post-conviction relief. 466 U.S. 668 (1984). Under Strickland, the petitioner must show that counsel's performance, viewed in the attending circumstances and not in hindsight, fell below an objective standard of reasonableness, and that the deficient performance was so prejudicial that the result of the proceeding would have been different absent the error. Id. at 687; Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990). There is a strong presumption that counsel rendered adequate assistance. Strickland, 466 U.S. at 689. In addition, prejudice does not mean a mere "*possibility*" but an "*actual* and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

In determining whether counsel's assistance was inadequate, the inquiry must be whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of competent assistance. Strickland, 466 U.S. at 690. Moreover, scrutiny of counsel's performance must be highly deferential, because there is a temptation to second-guess counsel's assistance after conviction, and because it is easy to conclude that a particular act or omission was

unreasonable in hindsight. Id. at 689; Fretwell v. Norris, 133 F.3d 621, 627 (8th Cir. 1998).

On appeal from the denial of his post-conviction motion, petitioner raised only one incidence of ineffective counsel: failure to depose Roland Thomas, which presumably would have revealed Thomas's relationship with the victim, which presumably could have impeached his trial testimony due to bias. (Doc. 8 Ex. H at 8-9.) However, petitioner only speculated as to what Thomas's deposition "might have" been (id. Ex. H at 9),[3] and did not show that Thomas's deposition would have made a difference in the verdict. Thomas testified that he "heard . . . what [he] thought was [sic] screams" and that "the [defendant] had [the victim] by the hair dragging her and using a lot of foul language toward her" (id. Ex. A at 128-29), but he did not see anything inside the apartment where the alleged rape occurred. Even assuming his deposition would have completely negated his credibility at trial, it is not unreasonable to conclude that the victim's own direct testimony (id. Ex. A at 90) would have resulted in conviction on its own weight.

Absent prejudice "infecting [petitioner's] entire trial with error of constitutional dimensions," Frady, 456 U.S. at 170, Strickland will not permit post-conviction relief due to ineffective counsel. Though the court of appeals did not cite Strickland or any other authority in its order, that court reached the same result as would an explicit application of Strickland, and thus its order was not "contrary to, or involve an unreasonable application of, clearly established Federal law . . . ." 28 U.S.C. § 2254(d)(1).

---

[3] The trial court noted that Mr. Moore had not alleged any facts, only conclusions, in his motion. (Doc. 8 Ex. A at 29 (citing State v. Daugherty, 906 S.W.2d 812 (Mo. Ct. App. 1995)).

## **Conclusion**

For these reasons, and because this court finds no "unreasonable determination of the facts" by the state courts, see 28 U.S.C. § 2254(d)(2), the petition of Michael C. Moore for a writ of habeas corpus is denied. A separate order is issued herewith.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 23, 2006.